# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

PAUL A. MILLER                                              PETITIONER

V.                          4:07CR00275-02
                            4:12CV000405

UNITED STATES OF AMERICA                                    RESPONDENT

## ORDER

On June 4, 2008, Petitioner and a co-defendant were indicted on one count of conspiring to make false statements to a financial institution and to commit mail fraud in violation of 18 U.S.C. § 371, three counts of aiding and abetting loan and credit application fraud in violation of 18 U.S.C. §§ 2 and 1014, and three counts of aiding and abetting mail fraud in violation of 18 U.S.C. §§ 2 and 1341. Petitioner's case was tried to a jury June 29 - July 1, 2010. After the government rested its case, Petitioner's counsel moved for a directed verdict of acquittal, arguing that no government witness affirmatively identified the defendant as the Paul Miller involved in the indictments. The court took the motion under advisement and submitted the case to the jury. The jury found the Petitioner guilty on all seven counts. After trial, the court allowed the parties to submit post-trial briefs on the identification issue. The court ultimately denied the motion finding that the evidence was sufficient to identify Petitioner as the Paul Miller who committed the charged acts.

On October 26, 2010, the Petitioner appeared for sentencing, The court imposed a sentence of 30 months imprisonment, five years supervised release, restitution in the amount of $134,843.31 and a $700 special assessment.

On November 5, 2010, the Petitioner filed a timely notice of appeal alleging that the

court erred in not granting his motion for a directed verdict of acquittal because the government failed to identify him as the Paul Miller involved in the indictment. On June 17, 2011, the Court of Appeals for the Eighth Circuit affirmed the judgment of the district court. *United States v. Miller*, 418 Fed.Appx. 583 (8th Cir. 2011).

On July 2, 2012, the Petitioner filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The Petitioner alleged twenty grounds for relief: fourteen allegations of ineffective assistance of counsel; one claim based on jury prejudice; two claims of judicial misconduct; two claims of judicial bias and one claim of prosecutorial misconduct.

By Order dated May 6, 2013, the Court found that the Petitioner failed to identify facts which supported his claims. Because Petitioner claimed that he had documentation to support his allegations, the Court directed the Petitioner to file a supplemental brief setting forth with clarity his grounds for relief and attaching any additional affidavits and documentation he would like the court to consider.

Petitioner filed his supplemental brief on June 11, 2013. The government filed a response on September 13, 2013. Petitioner has filed a reply and an application for default judgment. The court finds that no prejudice resulted from the government's delay in filing its response. Petitioner's motion for default is denied. (Docket # 161). *See, Hale v. Lockhart*, 903 F.2d 545, 547 (8th Cir. 1990) (noting that "no court has ordered a habeas writ to issue solely because of delay").

Petitioner's claims based on judicial misconduct, prosecutorial misconduct, jury prejudice and judicial bias are procedurally defaulted. The Eighth Circuit has specifically noted that "[s]ection 2255 motions are no substitute for appeal, and normally a collateral attack should

not be entertained if defendant failed, for no good reason, to use another available avenue of relief." *Poor Thunder v. United States*, 810 F.2d 817, 823 (8th Cir.1987) (*citing Kaufman v. United States*, 394 U.S. 217 (1969)). A defendant procedurally defaults a claim when he fails to raise it at sentencing or on direct review. *See Johnson v. United States*, 278 F.3d 839, 844(8th Cir.2002). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal citations omitted).

Petitioner failed to present any facts demonstrating either cause or prejudice. In order to establish a valid claim of actual innocence, Petitioner must show factual innocence, not simply legal insufficiency of the evidence to support the conviction. *McNeal v. United States*, 249 F.3d 747 (8th Cir. 2001). This is a strict standard and "generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the charged offense]." *Id.* at 749-50. Petitioner failed to make a showing of factual innocence. Here, the Eighth Circuit Court of Appeals found the record sufficient to support the jury's verdicts, additionally, Petitioner offers no evidence or argument to support his general assertion that he is innocent of the crime for which he was convicted. Petitioner's general denial of guilt is insufficient to establish a valid claim of actual innocence.

To prove his claim of ineffective assistance of counsel, petitioner must show both that his counsel's performance fell below an objective standard of reasonableness and that this deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). To show prejudice, Petitioner must demonstrate a

3

reasonable probability that the outcome of the trial would have been different but for the deficient performance. *Malcom v. Houston*, 518 F.3d 624, 626 (8th Cir.2008). A reasonable probability is less than "more likely than not," *Kyles v. Whitley*, 514 U.S. 419, 434 (1995), but it is more than a possibility. *White v. Roper*, 416 F.3d 728, 732 (8th Cir.2005). A reasonable probability "is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "We need not inquire into the effectiveness of counsel, however, if we determine that no prejudice resulted from counsel's alleged deficiencies." *Hoon v. Iowa*, 313 F.3d 1058, 1061 (8th Cir.2002) (*citing Strickland*, 466 U.S. at 697). "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691.

Petitioner asserts that he received ineffective assistance of counsel because his attorneys: (1) failed to interview and subpoena certain witnesses; (2) failed to communicate with him about the case and misled him regarding the case: (3) failed to argue an appropriate defense and to object to the government's version of the facts; (4) failed to advise the jury that he had no prior criminal record; (5) failed to meet and discuss the pre-sentence investigative report; (6) failed to obtain the criminal history of Jacques Weston; and, (7) failed to assist him in his sentencing and to object to an incorrect base offense level.

Petitioner fails to demonstrate that his trial counsel was ineffective during trial. Decisions involving trial strategy are virtually unchallengeable. *Link v. Luebbers*, 469 F.3d 1197, 1204 (8th Cir.2006). "The decision not to call a witness is a virtually unchallengeable decision of trial strategy." *United States v. Vazquez–Garcia*, 211 Fed. Appx. 544, 545–46 (8th Cir.2007)(citing *Bowman v. Gammon*, 85 F.3d 1339, 1345 (8th Cir.1996) (noting that under

4

*Strickland*, "decisions related to trial strategy are virtually unchallengeable"), *cert. denied*, 520 U.S. 1128, 117 S.Ct. 1273, 137 L.Ed.2d 350 (1997)). Unsuccessful trial strategy is not enough to show that Petitioner's counsel's performance fell below an objective standard of reasonableness. *Graham v. Dormire*, 212 F.3d 437, 440 (8th Cir.2000)("Reasonable trial strategy does not constitute ineffective assistance of counsel simply because it is not successful.")

Petitioner fails to allege facts to support his claim of failure to investigate. He offers nothing to overcome the strong presumption of reasonableness afforded to an attorney's trial strategy decisions and fails to establish what potential witnesses would have testified to at trial and how their testimony would have changed the outcome of the trial. *See Stewart v. Nix*, 31 F.3d 741, 744(8th Cir.1994)(petitioner must show uncalled witnesses would have testified at trial and their testimony would have probably changed the outcome). Petitioner's general allegations fail to support a finding that counsel was ineffective.

The Eighth Circuit Court of Appeals found "overwhelming evidence in this case that an individual using the name Paul Miller committed various acts of fraud, including the making of false statements to a financial institution in 2004 and 2005 . . . . [and] that the jury reasonably could have concluded from all witness testimony that [petitioner] was the Paul Miller who committed the acts charged." *United States v. Miller*, 418 Fed.Appx. 583 (8th Cir. 2011). In light of this substantial evidence, Petitioner's allegations do not give rise to a reasonable probability that the alleged deficiencies would have changed the outcome of trial.

Petitioner's arguments regarding the deficient performance of his counsel at sentencing also fail. Petitioner fails to allege facts which would support a claim that but for his counsel's deficient performance he would have received a shorter sentence. *King v. United States,* 595

5

F.3d 844, 852-53(8th Cir. 2010). Petitioner's counsel objected to the pre-sentence report, filed a sentencing memorandum and Petitioner received a sentence below the guideline range.

The Court concludes that an evidentiary hearing is not required in this matter. The record conclusively shows that Petitioner is not entitled to the relief he seeks. *See Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir.2006) (holding that a § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact).

For the reasons stated above, petitioner's motion for default judgment, (docket #161) and motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, (docket #150), are denied.

IT IS SO ORDERED this 20th day of December, 2013.

James M. Moody
United States District Judge